BARTON-PARKER MANUFACTURING COMPANY v. TAYLOR.

Opinion delivered April 30, 1906.

CONTRACT—MEETING OF MINDS—PAROL EVIDENCE.—An order for merchandise was signed by the purchaser in duplicate, upon an express agreement that it was subject to the vendor's approval, and with the understanding that the vendor's agent would attach a certain printed slip to the copy forwarded to the vendor, so as to make it the same as that retained by the purchaser, which the agent failed to do, and the contract, without the printed slip, was approved by the vendor *Held*, (1) that there was no contract, as the parties' minds never met; (2) that parol evidence was admissible to prove that the copy which the vendor approved was not to become the purchaser's contract until the printed slip was attached.

Appeal from Marion Circuit Court; *Elbridge G. Mitchell,* Judge; affirmed.

*G. H. Perry,* for appellant.

1. It is in proof that the contract sued on is the identical contract executed by the appellee. It was therefore error to admit testimony to vary or contradict its terms. 1 Greenleaf on Ev. § § 86, 87, 88; 24 Ark. 210; 50 Ark. 20; *Ib.* 393; 66 Ark. 393; 64 Ark. 650; 67 Ark. 62. See also 39 S. W. 328; 28 Tex. 553; 29 Tex. 395; 54 Tex. 294. Where a merchant at the solicitation of a salesman signs a contract for goods, the court will presume the writing to be final result of their dealings, and will refuse to hear him say that it is not the contract. 27 S. W. 210; 26 S. W. 267; *Ib.* 246; 25 S. W. 444; 57 Tex. 17; 32 Tex. 383; 28 S. W. 937; 9 S. W. 665; 5 S. W. 613; 18 Tex. 243. See also 24 S. W. 574. Where the intent of parties can be gathered from the writing itself, testimony is not admissible to show how one of the parties construed it. 36 S. W. 813; 85 Tex. 187; 45 Tex. 383; 41 Tex. 240; 34 S. W. 781. If there is nothing in the writing indicating that it was not the entire contract of the parties, the writing will not admit of other contemporaneous agreements not embraced therein. 36 S. W. 479; 34 Tex. 643; 29 Tex. 49; 25 Tex. Supp. 246; 8 Tex. 196; 21 Tex. 219; 52 Tex. 139.

2. If appellee and the agent of appellant agreed to make a change in the contract, the former made the latter his agent for that purpose, and appellee is estopped from setting up fraud

on the part of the agent.   Lawson, Rights & Rem. § 7, and foot-notes.

*Woods Brothers,* for appellee.

The contract entered into by appellee was reduced to writing and delivered to him, with the agreement that the order signed by him in blank should be filled out by the agent and made to conform to the contract delivered to appellee.   Since the agent failed therein, the contract sent to the appellant was not the contract of appellee, and the latter is not liable.   Bishop on Cont. 372, 382, 424, 638; 3 Am. & Eng. Enc. Law (1 Ed.), 841, 868; 9 Cyc. 299, 580, 582; 2 *Ib.* 193, 209, 179 *et seq.*; 3 Enc. of Ev. 526; 1 Enc. of Ev. 774; 27 Ark. 109; 49 Ark. 40; 57 Ark. 277. The contract delivered to appellee would at least be regarded as contemporaneous writing relating to the same subject-matter, and admissible in evidence along with others in ascertaining the terms of the contract.   It would be sufficient to show, in view of the circumstances of its execution and of the other, that the writing relied on by appellant was obtained by fraud of the agent. · 1 Greenleaf, Ev. § 283.

McCULLOCH, J.   This is an action brought before a justice of the peace upon written contract to recover the price of a lot of merchandise (jewelry) alleged to have been sold by the plaintiff (appellant) to defendant, and shipped to him at his place of business in Marion County.   Judgment was rendered in favor of the defendant before the justice of the peace, and also in the circuit court on appeal, and the plaintiff appealed to this court.

In the circuit court the cause was tried before the court, sitting as a jury.   No declarations of law were made by the court, none were requested by the parties, and we have only before us the question of the legal sufficiency of the evidence to support the findings of the court and judgment.

The facts· are undisputed.   Defendant was a merchant at Rush, Arkansas, his railroad shipping point at that time being Buffalo, Arkansas.   Plaintiff's place of business was at Cedar Rapids, Iowa, and the alleged sale was made by its traveling agent, who procured a written order from defendant for the goods.   The order contained the following clause:

"This order is subject to approval at Cedar Rapids, Iowa,

and can not be countermanded. Salesmen have no authority to make any agreement not written or printed hereon."

The order was received by plaintiff and approved, and the goods shipped, but were never received by defendant, the shipment, though properly consigned, having been erroneously carried to another place.

The defendant testified that when he gave the written order to plaintiff's traveling salesman a printed slip containing the following clause was pinned to the printed order blank as a part of the contract:

### "PROFITS GUARANTY.

"We guaranty that the gross profits to the purchaser from the sales of the jewelry purchased hereunder, and the jewelry hereafter purchased as hereinafter provided, will average thirty-three and one-third (33 1-3) per cent. upon the amount of the order, for the term of one year from the date of shipment; and if the gross profits do not average thirty-three and one-third per cent. for one year, as above, we will pay by draft, to the purchaser, an amount sufficient to make up the deficiency."

He testified that the copy of the order left with him (defendant) had this slip pinned to it, and made the following further statement of the facts:

"I told him I would take the goods under the contract as changed, and we started to change and fill another contract and make it just like the one we had first made out; but before we got it done Jackson's horses got restless, and he had to go to see about them, and I went with him to his buggy, and after he got his horses straightened out he said he was in a hurry to get to Yellville, and for me to sign the contract that he had, and he would make it just like the one that I kept, when he got to Yellville; and I signed it with that understanding that he pin a slip on the top of the one that he took with him, and strike out the clause referring to the notes, just as the one I kept."

It appears that the salesman failed to attach the slip to the contract sent to and accepted by the plaintiff. In other words, the defendant intended to give and did give an order to contain this clause, and the plaintiff received and accepted an order omitting the clause. Did the minds of the contracting parties meet upon the same form of contract? We think not. Plainly the

defendant entered into one form of contract, and the plaintiff approved one of totally different effect. There was no contract, because the minds of the parties never met upon the same terms.

Appellant contends that the court erred in admitting proof establishing the oral agreement concerning the added clause in the order blank. It is urged that the effect of this testimony was to vary or contradict the terms of the written contract. Not so. The purpose of the evidence was not to vary or contradict the terms of the contract, but to identify the particular contract which defendant in fact executed. The paper signed by the defendant did not in fact become his contract until the salesman attached the slip containing the clause as agreed upon between them, and it was competent for him to prove this by parol testimony. *Graham* v. *Remmel,* 76 Ark. 140; *State* v. *Wallis,* 57 Ark. 64; *Burke* v. *Dulaney,* 153 U. S. 228.

The defendant had in his possession at the time of the trial one writing purporting to represent the contract between the parties, and the plaintiff had another of different import, which it sued on as the contract between them. Their minds did not meet, and there was, therefore, no contract at all upon which defendant was liable.