## MAIN v. OLIVER.

### Opinion delivered December 14, 1908.

EVIDENCE—WRITTEN CONTRACT—PROOF OF PAROL CONDITION.—Parol evidence is admissible to prove that a written contract was executed upon condition that certain changes were to be made in the writing before it should become the real agreement of the parties.

Appeal from Washington Chancery Court; *T. H. Humphreys,* Chancellor; affirmed.

Appellant *pro se.*

One who signs a contract must stand by the words of that contract. If he will not read what he signs, he alone is responsible for his omission. 32 Ark. 327; 70 Ark. 515; 71 Ark. 188;

91 U. S. 50; 35 Ark. 559. Not only so, but he must show that he was guilty of no laches in signing before he can be relieved from this contract. 56 N. Y. 137; 66 Me. 109. Where the company does not know of the representations by the agent until after delivery, there can be no fraud. 98 N. W. 697. See, also, 63 Pac. (Cal.) 1067; 89 S. W. 648; 75 Ark. 206; 81 N. W. 551. The terms of a written contract, expressing the whole agreement of the parties, cannot be varied or contradicted by parol evidence. 65 Ark. 333; 67 Ark. 62; 71 Ark. 185; *Id.* 289; 73 Ark. 451; 75 Ark. 206; 66 Ark. 393; *id.* 445; 64 Ark. 650; 85 Mich. 464.

*R. J. Wilson,* for appellee.

There is no contention here that one may vary the terms of a written contract by parol evidence, but it is contended that the writing sued on is not the contract between the parties, and that may be established by parol evidence. Fraud of an agent in procuring a contract may be shown by parol. 17 Ark. 498; 19 Ark. 103; 20 Ark. 216. Fraudulent statements by which one is induced to sign a written contract may be proved by parol, as also that the written instrument was procured by fraud. Kerr on Fraud and Mistake, 388; Underhill on Evidence, 394; 6 Neb. 401; 97 Ill. 539; 14 Wis. 106; 16 S. E. 749; 29 Atl. 338. Where because of fraud or mistake the actual agreement of the parties is not expressed in the written contract, that fact may be shown by parol evidence, especially in a chancery proceeding to cancel the instrument. 86 Ala. 495; 40 Ia. 70; 89 Ga. 793; 15 S. E. 670; 43 Mo. App. 625; 73 N. Y. 315; 1 Ala. 160; 113 Ill. App. 537.

McCulloch, J. Appellant sued appellee at law to recover the price of a lot of jewelry shipped to the latter by the former under a written contract of sale. Appellee answered, stating in substance that appellant's agent had agreed with him to ship the jewelry for sale on commission, that he signed the written contract of sale at his place of business in Fayetteville, Arkansas, upon an express agreement with appellant's agent that the latter would change the form and substance of the writing before it was mailed to appellant at his place of business in Chicago, Illinois, so as to make it conform to their verbal agreement for a shipment for sale on commission, but that said agent had wrong- fully and fraudulently sent the written contract to appellant with-

out changing it. He also alleged that as soon as he discovered that fact he repudiated the written contract and returned the goods to appellant without opening the packages containing same.

The case was, by agreement of parties, transferred to the chancery court, where it was heard on the evidence, and a decree was rendered dismissing the complaint for want of equity. The statements of the answer are fully sustained by the evidence, and the only question for our determination is whether or not these facts will defeat a recovery on the written contract of sale.

The effort of appellee is not to vary or contradict the terms of a written contract by parol evidence, but it is to show by such evidence that no written contract was entered into of the kind set forth by appellant as the basis of his action. The distinction is pointed out by the court in the following cases: *Graham* v. *Remmel,* 76 Ark. 140; *Barton-Parker Mfg. Co.* v. *Taylor,* 78 Ark. 586; *Barr Cash & Package Co.* v. *Brooks-Ozan Merc. Co.,* 82 Ark. 219.

The design of appellee's testimony was not to establish a contemporaneous or antecedent verbal contract, but to show that certain changes were to be made in the writing in order for it to evidence the real agreement of the parties, before it should be delivered as his contract. He did not deny that he signed the paper, nor that he was aware of its contents, but he claimed it was to be altered before its delivery to appellant, the other contracting party.

In *Barton-Parker Mfg. Co.* v. *Taylor, supra,* we said: "The purpose of the evidence was not to vary or contradict the terms of the contract, but to identify the particular contract which defendant in fact executed. The paper signed by the defendant did not in fact become his contract until the salesman attached the slip containing the clause as agreed upon between them, and it was competent for him to prove this by parol testimony."

So in the present case the paper signed by appellee was not to become his contract until the changes should be made which were agreed to be made before delivery.

Decree affirmed.