WILLIAM BROOKS MEDICINE COMPANY *v.* JEFFRIES.

Opinion delivered April 25, 1910.

EVIDENCE—CONTRADICTING WRITTEN CONTRACT.—In a suit upon a written order for the sale of goods, defendant may prove that the writing does not contain all of the contract, which was written by plaintiff's salesman, and part of which, by mistake or fraud of such salesman, was not transmitted to plaintiff.

Appeal from Franklin Circuit Court; *Jeptha H. Evans,* Judge; affirmed.

*U. L. Meade* and *G. W. Barham,* for appellant.

He who relies upon a contract has the burden of showing that the minds of the parties met in making it.   38 Mich. 159; 1 Mont. 363; 3 Pa. 573.   Delivery is an essential element in the execution of a written contract.   5 Col. App. 303; 117 Ill. 493; 52 N. Y. 570; 113 N. C. 442; 75 Va. 309.   The parol evidence tending to impeach the contract sued on was erroneously admitted.   4 Ark. 179; 5 Ark. 672; 13 Ark. 593; 16 Ark. 511; 20 Ark. 293; 31 Ark. 411.   Defendant will not be heard to say that he did not know what the contract contained.   71 Ark. 185; 86 Ark. 538; 88 Ark. 213.   Each litigant has a right to have his theory of the case submitted to the jury.   14 Ark. 430; 31 Ark. 684; 9 Ark. 212; 13 Ark. 317; 6 Ark. 156.

*W. W. Cotton,* for appellee.

A verdict on conflicting evidence will not be disturbed on appeal because it seems to be against the preponderance of the evidence.   73 Ark. 377; 67 Ark. 531; 76 Ark. 326.

HART, J.  Wm. Brooks Medicine Company, of which Wm. Brooks was sole proprietor, sued I. F. Jeffries before a justice of the peace in Franklin County for a balance alleged to be due on account.  The plaintiff recovered judgment for $76.50, and the defendant appealed to the circuit court.  The case was there tried before a jury, which returned a verdict for plaintiff for $8.35.  The court rendered judgment upon the verdict, and the plaintiff has appealed to this court.

The plaintiff was engaged in selling drugs, and one of his traveling salesmen solicited and procured a written order from the defendant for a bill of drugs.

The plaintiff introduced in evidence the written order for the goods, signed by the defendant, which showed the sale to be unconditional.  Brooks testified that this constituted the sole contract between the parties, and that the sum of $80.70 was due and unpaid.

The defendant, Jeffries, testified that the sale was on commission, and that all goods unsold by a certain date were to be returned to the plaintiff, and further stated:

"Mr. Inscor (the salesman of plaintiff) said: 'I will put it on commission, and come around November 1 and take up all the medicine you don't sell.'  He said that he would come and take it up himself.  I says: 'It is some trouble to take it back to Mulberry eight or ten miles,' and he said: 'I will come back myself and take it out of your house.'  I said: 'If that is all right with Mr. Brooks, I will take the order.'  We made out the order then and there, and there were some parties present in the office there.  He wrote the order up—I called him Doctor—and I says: 'Doctor, you will write on the back of this order a statement to Brooks, so he will understand,' and he did, as I thought.  He wrote on the back of some sheet, but he must have turned two sheets, the sheets were very thin.

"Q. Was that the effect of that agreement?  A.  He wrote to Brooks to send the medicine out.  Q.  Just proceed and tell what that written agreement or contract was on the back.  A. He wrote Brooks a little note, and asked him to send it out, that it was all right, and that the order was on commission, and signed his name.  The reason he did that, he said, was because he would not be there; that he was going on to sell medicine, and would not be at home.  He told me his office was

in Memphis.   He wrote and told Brooks to send the medicine out."

The principal ground of reversal urged by counsel for plaintiff is that the evidence does not support the verdict.

Brooks testified that no contract was sent to the plaintiff except the written order, which is admitted to be unconditional. The defendant, however, testified that the written order as introduced in evidence does not contain the contract as executed by him.   He testified that there was a clause in the contract which provided that the sale was on commission, and that all goods unsold by the 1st of the following November should be returned to plaintiff, and that this was written on the back of one of the order sheets.

The absence of the clause from the back of the order sheet is not explained by direct testimony; but the defendant testified that the sheets were thin, and Dr. Inscor may have turned over two sheets by mistake.   Inscor was not introduced as a witness, and the reason for not doing so was unexplained.   The testimony shows that he was anxious to make a sale.   The jury may have inferred, as suggested by defendant, that Inscor turned over two sheets when he wrote the clause in question on the back and sent the order in without discovering his mistake; or they may have found that he did this designedly; for they were the exclusive judges of the weight to be given to the evidence.   By their verdict they have said that the minds of the parties never met on the same form of contract.   Hence the testimony adduced by the defendant did not tend to vary or contradict the written contract, but tended to show that no written contract was entered into of the kind introduced in evidence by the plaintiff as the basis of his action.   *Main* v. *Oliver,* 88 Ark. 383; *Barton-Parker Manufacturing Co.* v. *Taylor,* 78 Ark. 586.

Counsel for plaintiff, in their brief, have not argued any objections to the instructions of the court, hence we need not discuss them.   They urge upon us that the court should have instructed the jury that the burden of proof was upon defendant to establish the contract as contended for by him.   No such instruction was asked by the plaintiff, and the question is therefore not presented for our consideration.

We find no prejudicial error in the record, and the judgment will be affirmed.