WHITE SEWING MACHINE COMPANY *v.* ATKINSON & SON.

Opinion delivered December 4, 1916.

EVIDENCE—WRITTEN CONTRACT—PROOF OF TERMS.—An agent of appellant entered into a written contract with appellee, whereby appellee agreed to purchase a certain number of sewing machines. The contract stated that all its terms were contained in the one document. *Held,* evidence was admissible to show that appellee and appellant's agent agreed to certain other terms which were reduced to writing and attached to the written contract, and that the admission of such testimony does not violate the prohibition against varying written instruments by parol testimony.

Appeal from Carroll Circuit Court, Eastern District; *J. S. Maple,* Judge; affirmed.

*Andrew J. Russell* and *Chas. D. James,* for appellant.

1. The oral testimony as to the contemporaneous agreement was inadmissible to contradict, vary or affect the terms of a written contract. 75 Ark. 55, 58; 75 *Id.* 206, 210. A solicitor is a special agent whose authority is limited, and if McNutt exceeded his authority appellant was not bound. 81 Ark. 202, 204; 84 *Id.* 224-227. One who deals with a special agent is bound to ascertain the nature and extent of his authority. 74 Ark. 557. Appellant was not bound by any special or additional contract made by McNutt.

2. The company never ratified McNutt's action. 75 Ark. 206, 210. The verdict is palpably against the weight of the evidence. 70 Ark. 385; 34 *Id.* 632; 10 *Id.* 492.

3. The verdict is clearly against the law given in instructions Nos. 3 and 4, and the verdict is too small. Kirby's Digest, § 6215, par. 5.

*Festus O. Butt,* for appellee.

1. The testimony as to the additional part of the order was competent. 88 Ark. 383; 94 *Id.* 575. By acceptance of the order, appellant ratified McNutt's acts. The jury so found.

2.   There is no error in the court's instructions. The verdict is for the correct amount.   The trial was fair, and there is no error.

McCULLOCH, C. J.   This is an action instituted by appellant against appellees before a justice of the peace to recover the price of ten sewing machines sold to appellees pursuant to the terms of a written contract. Appellant introduced in evidence the contract, signed by appellees, constituting an unconditional agreement to purchase ten sewing machines at the price of $26 each, payable on the terms specified in the contract.

Appellant is doing business at Cleveland, Ohio, and the order received from appellees was solicited by one McNutt, a traveling solicitor of appellant with authority to solicit, receive and forward orders for machines.   The written order contained a stipulation that it was "given subject to approval of the White Sewing Machine Company, and if accepted or filled in full or in part to be settled for at the price and terms above set forth."   Also that "there is no understanding or agreement of any nature whatsoever between this company and the undersigned as to these machines, except such as is embraced in this written order, which contains all the terms and conditions which the same is given upon."   The order also specified that there was to be one machine of the same kind sent free as a premium.   The order was signed by appellees at their place of business at Berryville, Arkansas, and delivered to McNutt, who forwarded the same to appellant at Cleveland, Ohio, and the machines were shipped from the last named place.   Appellees sold five of the machines and shipped the other five back to appellant at Cleveland.   Appellees offered to pay for the five machines sold, but appellant refused to accept the amount offered because it claimed that the price of all the machines was due.

Appellees introduced proof to the effect that in giving the order to McNutt, there was attached to it a typewritten slip expressly stipulating that appellees

should have the right to return all unsold machines at any time they saw fit to quit the business before the machines were sold. One of the appellees testified to that effect, and also testified that he kept a copy of the typewritten stipulation, and that he saw McNutt inclose the order, with the stipulation attached to it, in an envelope addressed to appellant at its place of business at Cleveland, and that he (witness) mailed the letter. This testimony was objected to on the ground that it was an attempt to vary the terms of the written contract. We do not think that such was the effect of the testimony, but it was introduced for the purpose of proving what the written contract was. *Barton-Parker Mfg. Co.* v. *Taylor,* 78 Ark. 586.

The jury could have found from this testimony, and doubtless did find, that appellant received the order with the additional stipulation attached, and accepted it in that form and shipped the machines accordingly. If so, it constituted a ratification of the act of the soliciting agent in attaching the additional stipulation. In addition to that, the evidence is that McNutt, while only a soliciting agent, had authority to solicit orders in writing and to forward the same to appellant for approval; and if McNutt in fact received the written order with the slip attached, and failed to send it in that form, appellant is responsible for it, for that was within the scope of his authority. The proof is undisputed that McNutt had no authority to approve a sale, but he did have authority to receive and forward orders, and in doing that, he was acting as the agent of appellant, who would be responsible for any act of his in failing to properly send in the order in the form in which it was received from the appellees. We are of the opinion, therefore, that the evidence did not offend against the rule which forbids the introduction of oral testimony varying or contradicting the terms of a written contract, and that the court was not in error in admitting it.

The case was submitted to the jury upon instructions as favorable to appellant as it was entitled to, and

the jury have settled the issues of fact against appellant's contention. There was sufficient evidence to support the verdict.

The verdict was in appellant's favor for the recovery of $130, and it is urged that this is erroneous for the reason that appellees, it is said, admitted liability in the sum of $150. It is true that appellees offered at one time to pay $150, but their testimony is that that was really more than they owed. They proved at the trial that they had only sold five of the machines, and that they had shipped back the other five, and that the additional $20 was to go on the price of a new "free" machine. The explanation of this may not appear altogether satisfactory, but the jury accepted it and credited the testimony of appellees to the effect that they only owed $130, and we can not, therefore, say that the verdict is unsupported by the evidence.

Affirmed.