STANDARD SEWING MACHINE COMPANY *v.* RAINWATER.

Opinion delivered November 8, 1920.

1. SALES—MEETING OF MINDS.—Though a sewing machine company furnished its salesman a blank which stated that the seller would not be bound by any agreement outside of such blank, yet if the salesman entered into an additional written agreement with a purchaser, obligating the seller to retake all machines not sold within sixty days, but sent to the purchaser the filled-in order blank without the additional agreement, the minds of the parties never met, and the purchaser could return the articles sold by the agent under his agreement.

2. EVIDENCE—PAROL EVIDENCE TO PROVE WRITTEN CONTRACT.—Where a purchaser of sewing machines refused to sign an order for machines until a written agreement was made that the agent of the seller was to sell the machines for the purchaser on commission, and that unsold machines could be returned to the seller, and this additional agreement was attached to the order when signed by the purchaser, but was detached by the agent before forwarding the order to the seller, parol evidence was admissible to show that the proposed order signed by the purchaser was not to become his contract without the additional agreement attached thereto.

Appeal from Conway Circuit Court; *A. B. Priddy,* Judge; affirmed.

*C. A. Holland* and *Rogers, Barber & Henry,* for appellant.

1.   The demurrers should have been sustained and it was error to overrule them.   In the original answer of defendant his case and defense are based upon the memorandum of Cachere attached to his copy of the order, but this memorandum was not a component part of the contract because (1) the printed order expressly states that ''no claims or demands on account of any promise, either verbal or written, or any agreement whatever, outside of this order, will or can be made.''

2.   The court erred in admitting certain testimony set out in the motion for new trial.   There is ho testimony to show that appellant ever ratified the supplementary agreement or acquiesced in it, but the testimony is positive that he never in any way ratified it.

The agreement of appellant to sell goods to appellee and to no other person in Jonesboro was no part of the written contract and could not be pleaded or proved as a defense.   The evidence to prove it was incompetent, and the instruction based upon it was erroneous.   75 Ark. 206; 41 Miss. 541.   The supplementary agreement was incompetent and not admissible in evidence.   It is the court's duty to determine the meaning of an unambiguous contract.   101 Ark. 353.   There was no ambiguity in the order contract nor in the supplementary agreement, and the supplementary agreement should have been excluded and a peremptory instruction given for appellant on the contract.   The contract was in writing and could not be varied by parol proof, and no fraud was shown, and appellee was not misled, as the testimony shows.   There is a limit on the admission of testimony under the plea of fraud.   71 Ark. 185; 35 *Id.* 559.   The testimony as to fraud was not competent and should have been ruled out.

3. The court erred in its instructions and in refusal to give a peremptory instruction for appellant. 55 Ark. 627; 92 *Id.* 315; 94 *Id.* 301.

*Strait & Strait,* for appellee.

1. If the original order was the only formal contract and the additional agreement executed contemporaneously is in reality no part of the contract, then the representations made by the agent and evidenced in part by this additional agreement were certainly the inducement which prompted appellee to enter into the formal contract and, being absolutely false and untrue, were a fraud upon him, and the contract was void. Both instruments executed contemporaneously and fastened together constitute one contract, and appellant has no standing in court in a suit to recover the value of the unsold machines which were returned to it by appellee just as agreed to and provided by the contract.

2. If that part of the written contract favorable to appellee is to be executed as part thereof and the order blank alone is the contract, then the false and fraudulent misrepresentations made by the agent was a fraud on appellee, avoiding the contract. The two instruments executed on the same day evidenced a single contract. 18 Ark. 65; 26 *Id.* 240; 89 Ark. 239; 77 *Id.* 261; 125 *Id.* 199. The entire contract composed of all instruments will be construed together as disclosing the full intention of the parties, and the various clauses and provisions will be given that construction that will make them consistent with each other. 97 Ark. 322; 84 *Id.* 434; 116 *Id.* 212. Both instruments should be construed together—establish appellee's contention that the signed order was never intended to constitute a sale but was a mere memorandum which the company required to have signed showing that when the goods were shipped they would be received and the sale put on in good faith. In the absence of notice to the contrary, one dealing with an agent has the right to presume that he is a general agent and acting within the scope of his au-

thority. 103 Ark. 86; 96 *Id.* 456; 93 *Id.* 521. The company is bound whether the agent signed his personal name or that of the company. 108 Ark. 69. Appellee has paid for the machines sold and returned the rest of them, and this should end the matter. If the contract consists only of the order blank signed, then the rider or reciprocal obligation signed by Cachere and the representations constitute a fraud on appellee, and testimony showing this is admissible. 75 Ark. 95; 101 *Id.* 603; 106 *Id.* 346. Misrepresentations as to goods sold by a vendor relied on by a purchaser constitute fraud avoiding a contract. 38 Ark. 334; 60 *Id.* 387; 74 *Id.* 46; 30 *Id.* 362. Parol testimony is always admissible to impeach a written contract for fraud. 101 Ark. 95; *Ib.* 603. The demurrer was properly overruled and appellant's peremptory instruction properly refused. All the facts and circumstances made this a case for a jury, and its verdict is conclusive. No complaint is made as to instructions.

HUMPHREYS, J. Appellant instituted suit against appellee in the circuit court of Conway County for $712.50, the purchase price of twenty-five sewing machines, alleged to have been shipped by appellant to appellee under written contract, or order, signed by both parties. The contract on its face was an unconditional order for twenty-five rotary sewing machines of certain style and kind, at a stipulated price under specified terms. The contract contained the following clause limiting the authority of its traveling salesman:

"The above is an exact statement of the terms agreed upon as per order above; and it is fully understood and agreed that no claims or demands on account of any promise, either verbal or written, or any agreement of any kind whatever, outside of this order, will or can be made; the undersigned agreeing to be bound strictly by the terms and conditions above named, and not to countermand this order. Purchaser is requested to read this order carefully."

The contract also contained a blank line for approval of appellant.

Appellee pleaded as one of his defenses that the order was signed upon the following written condition attached to the contract as a part thereof: "I will put on a sewing machine sale for you, furnish all cloth and odd matter, and charge you nothing for the sales, but for each sale I make and you accept in writing I will charge you 20 per cent. of the net sale after deducting allowance for old machines. I will start this sale on or about October 2nd of the week you select, if you advise me ten days in advance. I agree to remain here or have my help remain here until all machines are sold satisfactory to you. If I do not sell all in sixty days, I will refund your freight charges and remove all unsold machines."

Under our view of the case, it is unnecessary to set out the other defenses or additional pleadings. The cause was submitted to the jury upon the pleadings, evidence and instructions of the court, which resulted in a verdict and judgment for appellee, from which judgment an appeal has been duly prosecuted to this court.

The facts are that appellant, an Ohio corporation, through its salesman, attempted to sell a business concern in Conway County, controlled by appellee, a lot of sewing machines unconditionally. Appellee refused to enter into the contract as drawn, unless modified by writing, either in the body of the order or by written guaranty attached to the effect that the salesman would put on a sale and either sell all the machines within sixty days from October 2, 1915, or such week as appellee might select, for 20 per cent. of the net profit, providing that, in case of a failure to sell any part of the machines, to refund the freight paid by appellee and to remove all unsold machines. The agent thereupon attached an additional writing to that effect to the order, and the order and additional writing were signed by both parties. The order was signed by W. A. Cachere, as salesman, and the additional writing by W. A. Cachere. As finally

drafted and thus signed, it consisted of three pages and was copied, in 1916, by Miss Clara Schneider, a stenographer in the office of appellee's attorneys. Her copy was introduced in evidence. Contrary to the agreement that the additional writing should become a part of and be attached to the original order, the salesman sent appellant the order without the additional writing attached as a part thereof, and it shipped the machines without knowing that the guaranty was attached, or agreement of its agent that it should be attached. The saleman's duty was to secure orders and submit them to the home office of appellant for execution or acceptance. The contract, as finally drawn and signed by appellee and the salesman, was never sent to the home office of appellant for acceptance or ratfication. Only a part of it was sent in and approved. In accordance with the guaranty, the agent put on the sale. Four or five machines were sold, and the remainder returned to appellant, who refused to receive them.

Based upon the facts, as detailed above, appellant requested a peremptory instruction, which was refused, and it now insists upon a reversal because the court refused to instruct a verdict for it. The insistence is that the filled-in printed order blank, signed by the parties, is the entire contract and made so by the restrictive clause preventing appellant's salesman from making any written or verbal changes therein. The evidence is that appellee refused to sign the written order unless modified by written guaranty that the agent would put on a sale of the machines, remove such as were not sold, and refund the freight thereon; that, in order to procure the order, the agent appended a written undertaking to that effect, at which time the parties signed the order and additional undertaking. The agent sent the original order to appellant for acceptance without the written guarantee which he attached, or agreed to attach. Appellee gave an order for the machines which contained an agreement on the part of the agent to put on a sale, to remove all unsold machines, and to return the freight advanced

thereon.    Appellant accepted an order without such an agreement in it, and consequently the minds of the parties never met upon the same contract.    The proposed contract and the one accepted materially differed in terms.

But it is contended that it was error to admit oral evidence to vary the terms of the written order or contract.    Under the issue tendered by the answer in this case, the purpose of the oral evidence was to establish the terms of the order proposed by appellee, and not to contradict the terms thereof. The proposed order, signed by appellee, was not to become his contract without the undertaking attached thereto, when approved or accepted by appellant, and it was proper to prove that fact by parol evidence.    In cases quite similar to the instant one, the principles thus announced were accurately stated and applied by this court.    *Barton-Parker Mfg. Co.* v. *Taylor,* 78 Ark. 586; *William Brooks Medicine Co.* v. *Jeffries,* 94 Ark. 575.

No error appearing, the judgment is affirmed.