PICTORIAL REVIEW COMPANY *v.* ROSEN.

Opinion delivered July 12, 1926.

1. EVIDENCE—PAROL EVIDENCE RULE.—As a general rule, a written contract cannot be contradicted or varied by evidence of a contemporaneous or antecedent oral agreement.

2. CONTRACTS—FRAUD IN REDUCING TO WRITING.—Where a party's agent, who was trusted to write a contract, omits some of its terms, or inserts provisions not agreed to by the parties, such conduct constitutes fraud, and makes the contract void.

3. SALES—FRAUD OF SELLER'S AGENT.—Where a buyer, upon discovering that the seller's agent had fraudulently written a sales contract different from that agreed upon, notified the seller not to ship the goods, he could decline to receive and refuse to pay for the goods.

Appeal from Randolph Circuit Court; *John C. Ashley*, Judge; affirmed.

### STATEMENT OF FACTS.

The Pictorial Review Company, Inc., brought this suit against H. Rosen and A. Schuman, doing business in the name of the New Leader, to recover $396.29 alleged to be due it for merchandise.

The defendants filed an answer in which they admit that they signed a contract for the purchase of merchandise from the plaintiff, but pleaded that the contract is void on account of the fraud of the plaintiff's agent.

According to the averments of the answer, the traveling salesman of the plaintiff called upon the defendants at their store in the town of Pocahontas, in Randolph County, Arkansas, and made a contract with them to purchase goods from them to be delivered in monthly shipments. It was agreed that the total shipments would be $150 and that the monthly shipments would not exceed $8. The traveling salesman of the plaintiff explained to the defendants that he was in a hurry to catch the next train, and told them that, if they would sign a printed form of contract in blank, he would fill it in according to their agreement and send it to his company. The defendants had confidence in the statement of the plaintiff's agent and relied upon his representations. It was agreed that a copy of the contract should be sent to the defendants.

When the defendants received a copy of the contract, they ascertained that it provided for the purchase of $300 worth of goods by them, and that each shipment would be $60. They at once wrote the plaintiff that this was not according to their agreement with the plaintiff's agent, and notified the plaintiff not to ship the goods. The plaintiff shipped the goods according to the terms of the contract sent in by its agent, and the defendants refused to receive them.

The plaintiff filed a demurrer to the answer, which was overruled by the court. The plaintiff then introduced in evidence the written contract for the shipment of the goods signed by the defendants, and proved that the goods had been shipped in accordance with the terms of the written contract and that the defendants had refused to receive the goods or to pay for them.

The defendants, over the objections of the plaintiff, introduced witnesses and proved by them the facts alleged in their answer.

The jury returned a verdict in favor of the defendants, and the plaintiff has duly prosecuted an appeal to this court.

*John L. Bledsoe,* for appellant.

*Pope & Bowers,* for appellee.

HART, J., (after stating the facts). The sole reliance of the plaintiff for a reversal of the judgment is that the court erred in overruling its demurrer to the answer of the defendants and in permitting the defendants to introduce evidence to sustain the allegations of their answer.

In making this contention the plaintiff relies upon the general rule that a written contract cannot be contradicted or varied by evidence of an oral agreement between the parties before or at the time of the execution of such contract. This general rule has been often applied by this court, but exceptions to the general rule have also been recognized by the court.

According to the allegations of the answer and the proof made by the defendants, the traveling representative of the plaintiff was trusted to reduce the contract for the purchase of the goods to writing, and he was bound to do it truly. In such cases this court has recognized that, where the party who was trusted to write the contract omits some of its terms, or inserts provisions not agreed to by the parties, such conduct constitutes fraud and makes the contract void. *Barton-Parker Mfg. Co.* v. *Taylor,* 78 Ark. 586, 94 S. W. 713; *Main* v. *Oliver,* 88 Ark. 383, 114 S. W. 917; *William Brooks Med. Co.* v. *Jeffries,* 94 Ark. 575, 127 S. W. 960; *White Sewing Mach. Co.* v. *Atkinson & Son,* 126 Ark. 204, 190 S. W. 111; and *J. I. Case Threshing Mach. Co.* v. *Southwestern Veneer Co.,* 135 Ark. 607, 205 S. W. 978.

According to the allegations of the answer, the agent of the plaintiff fraudulently wrote the contract different from the one really made, and, as soon as the defendants found this out, they countermanded the order and notified the plaintiff not to ship the goods. Nevertheless, the plaintiff shipped the goods, and the defendants, as they

had a right to do, declined to receive and refused to pay for them.

The evidence of the defendants was not a contradiction of the writing, but showed what it should have contained as the real agreement between the parties. If this were not so, the rule that fraud vitiates everything would become the exception instead of the rule itself.

It follows that the judgment of the circuit court was correct, and it will therefore be affirmed.