NEW HOME SEWING MACHINE COMPANY *v.* WESTMORELAND.

Opinion delivered May 4, 1931.

*George F. Hartje,* for appellant.

*J. C. & Wm. J. Clark,* for appellee.

MEHAFFY, J. This suit was begun by appellant, a Massachusetts corporation, in the Faulkner Circuit Court. It alleged that on October 19, 1928, it delivered to the appellees, W. W. Westmoreland and Priddy Westmoreland, various goods, wares, and merchandise purchased by them, of the value of $571.95; that no part of said indebtedness had been paid, and that it was long

past due. It prayed judgment against appellees in the sum of $571.95, together with interest and costs.

Appellees filed answer in which they denied that they purchased any goods, wares, or merchandise, and denied that they were indebted to appellant in any sum whatever. They alleged that about October 19, 1929, they were negotiating with one Bert H. Hower, agent of appellant, for the conditional purchase of certain sewing machines of the value of $558; that they had made out an order for said machines but had not delivered said order and were not to deliver same until a resale contract was entered into; that the said Bert H. Hower, while the appellees were absent from their place of business, took said order without their knowledge or consent and sent same to appellant. They had not delivered the order to the agent nor authorized any person to deliver same to him nor the appellant; that Hower, after having procured said order, immediately left the city and did not leave with appellees a copy of the resale contract which was to be executed by appellant before the order for said goods was to be delivered. They alleged that appellants obtained possession of said order through fraud, and that they are not bound thereon. They further alleged that the appellant, having obtained said order through fraud, shipped the machines to appellees; that they had notified appellant to take up the machines, and they are now holding said machines subject to the order of appellant. They asked that appellant's complaint be dismissed, and that they have judgment for storage of said machines and costs.

The order introduced in evidence contained the following: "The undersigned agrees that the New Home sewing machines above described and all the New Home sewing machines purchased hereafter will be sold only at retail, and will not be sold below the established retail prices, unless allowance is made for old machine, or discount made for cash. It is understood that no conditions agreed to by any salesman or agent and not embodied herein will be in any way binding on the New Home Sew-

ing Machine Company, and it is understood and agreed that the New Home Sewing Machine Company shall not be in any way liable under any separate or collateral agreement made between the undersigned and its salesman."

Immediately under this paragraph were the signatures of the appellees and the salesman, Bert H. Hower.

According to the deposition of C. Haile, the credit and collection manager of appellant, all orders go to the desk of witness for acceptance or rejection, and he received the above order from the Westmorelands on October 23, 1928; the order was sent in by Bert Hower, who was soliciting wholesale orders in the State of Arkansas; the order appeared to be regular, and he put his O. K. on it, sent it to the shipping department, and the eleven machines were shipped to appellees; the terms of sale were two per cent. for cash within thirty days, net sixty days, or the privilege of settlement by notes, due three, six, and nine months after date; that the order was signed by the appellees. The order above set out was the basis for the sale of the goods and constituted the only terms and conditions of the sale.

The soliciting agent was not authorized to make agreement aside from the terms, and conditions contained in the order; if he made any other agreement, it was not authorized. Witness had no knowledge that any change was made in the regular contract, and if there had been any the machine would not have been shipped; the machines had not been paid for, and the sum of $571.95 was past due.

Several letters written by the parties were introduced in evidence. Appellees claimed that they bought the machines on condition of guaranteed resale. The agent was not authorized to make any verbal agreement or other agreement outside of the original order; he was merely an order-taker; he could not bind the company in any kind of an agreement without submitting the agreement in writing to the company and having it accepted

by the company. He was a special agent, not a general one.

The agent is not now in the employ of appellant, and witness does not know where he is. Witness testified that he was familiar with the market value of the machines, and the price for which they were sold was the fair market value. The company had never, in the knowledge of the witness, done business in Arkansas other than solicit orders on a wholesale basis; had never maintained an office in Arkansas. Witness had no personal knowledge of the transaction that took place when the contract was signed, and did not know what was said.

Priddy Westmoreland, one of the partners of Westmoreland & Son, testified that the appellees never purchased outright any sewing machines from the appellant; that he signed the contract or order introduced by appellant, but that did not express the agreement reached by the parties; that he signed the order and left the store to go to lunch; left the agent in his office to fill out the contract, and he said he would do that and leave it on witness' desk. The contracts were not filled out as agreed upon. The agreement above the signature was not in accordance with the copy left with witness. That clause was not in the contract. The contract introduced is not now as it was when he left it in the office; the clause was marked out by the agent. Mr. Hower, the agent, was not authorized to make the contract out of the office. Witness was not present when the agent had finished filling out the contract, but had gone to lunch. The agent came to the store in the early morning with his resale agreement and explained how it would be handled and how the resales were to be paid and how much net profit there would be, etc.

Witness told agent that he would under no circumstances consider buying any machine outright, and the agent told him not to worry, they had a good resales crew. Does not have copy of resale contract, and had not seen it since the agent left. The agent left and did not leave a copy of the resale contract. The prior resale contract

was not canceled by the company, but was canceled by Westmoreland & Son.

Witness wrote the company that the machines were here subject to its orders, and they are still held subject to appellant's disposal and have never been uncrated; did not agree to pay for the machines on three, six and nine months, and did not authorize the agent to write anything on the face of the contract to show that it was to be paid on that basis. That was written without appellee's knowledge or consent. The clause just above the signatures of appellees was to be stricken out. Under the resales contract, appellant was to send a crew of salesmen to sell the machines. The agent was to fill out the contract and leave a copy on witness' desk, but he did not do so; did not deliver agent the original contract and was not in the store but gone to lunch when agent took the contract. The only agreement made was upon the resale contract. The clause just above appellee's signature was struck out of the copy left on witness' desk, and there was no agreement in it as to the terms, and no agreement to be paid in three, six and nine months.

Witness testified that the terms were written in by the agent without authority after it was signed.

Mr. Ligon testified that he heard the conversation about the contract, and his testimony on this was substantially the same as Westmoreland's.

Bert H. Hower, the agent, did not testify.

There was a verdict and judgment for the appellees, and appellant prosecutes this appeal.

Appellant first contends that the court erred in refusing appellant's request for a peremptory instruction, and contends that there was no testimony authorizing the court to submit the case to the jury. This argument is based on the fact that the appellees signed the order introduced in evidence. The appellant says that the appellees admit the delivery of the contract to the salesman. They do not, however, admit its delivery for the purpose of being forwarded to appellant, but the undis-

puted proof shows that it was not delivered, and that the contract was not completed when the agent, in the absence of appellees, and without their knowledge or consent, took the order and left the city and sent the order to the appellant.

The evidence of the appellees shows that they refused to buy machines outright, but that the agent struck out the statement immediately above the signatures in one copy and agreed to strike it out in the other, and this evidence also shows that the agent had a resales contract, and was to fill that out, and that they left these orders and agreements on their desks when they went to lunch with the agreement and understanding that the agent would strike out the paragraph immediately above the signatures of appellees on the order and fill out the resales contract, but he left appellee's place of business while they were absent, took the resales contract with him, and did not strike out the paragraph that he had agreed to strike out. There is no question about the authority of the agent.

The appellees do not contend that the agent had any authority to make any contract and the evidence shows that he was merely an order-taker and had no authority to bind the appellant by any contract, and the question of the agency or the extent of his authority is not involved. The only question involved is whether the appellees entered into the contract sued on or whether the agent took it without their knowledge or consent before the terms were agreed upon and inserted the words and figures that appellees testified were inserted after they signed the order.

The court instructed the jury as follows: ''The jury is instructed that, if you find from the testimony that the agent of the sewing machine company took this contract from the place of business of the defendants without their knowledge or consent before the terms of said contract were agreed upon between the parties and inserted the words and figures in the contract complained of by defendants, then in that event the defendants would

not be bound by the contract unless he later, by his words or acts, ratified it.''

This, we think, clearly stated the issues to the jury. This court recently said: ''According to the allegations of the answer and the proof made by the defendants, the traveling representative of the plaintiff was trusted to reduce the contract for the purchase of the goods to writing, and he was bound to do it truly. In such cases this court has recognized that, where the party who was trusted to write the contract omits some of its terms, or inserts provisions not agreed to by the parties, such conduct constitutes fraud and makes the contract void.'' *Pictorial Review Co.* v. *Rosen*, 171 Ark. 719, 285 S. W. 385; *Barton-Parker Mfg. Co.* v. *Taylor*, 78 Ark. 586, 94 S. W. 713; *Main* v. *Oliver*, 88 Ark. 383; *Wm. Brooks Medicine Co.* v. *Jeffries*, 94 Ark. 575, 114 S. W. 917, 129 Am. St. Rep. 110; *White Sewing Machine Co.* v. *Atkinson & Son*, 126 Ark. 204, 190 S. W. 111; *J. C. Case Threshing Machine Co.* v. *S. W. Veneer Co.*, 135 Ark. 607, 205 S. W. 978; *Standard Sewing Machine Co.* v. *Rainwater*, 146 Ark. 81, 225 S. W. 326.

The decision of *Pictorial Review Co.* v. *Rosen, supra,* is controlling here.

It is next contended by appellant that the court erred in the admission of certain testimony.

The rule is well established that oral testimony can not be admitted for the purpose of varying or contradicting the terms of a written contract, but this order did not become a contract according to the evidence of appellees, because the paragraph was to be stricken out, and also because other things not agreed to were added to it. It was not delivered, but left on the desk of appellees, and the evidence shows that the agent, without authority, took it, failed to strike out the paragraph, and without authority inserted terms not agreed to.

The testimony of both Westmoreland and Ligon was clearly admissible, not as contradicting a written contract, but to show that no contract was ever made.

The court clearly and fairly submitted the issue to the jury on the instructions given and committed no error in refusing the instructions offered by appellant. All of appellant's instructions are with reference to the agent's actual or apparent authority, and, as these questions are not involved in the case, the court correctly refused to give them.

As to whether the contract was made or not was a question of fact properly submitted to the jury, and the verdict of the jury, where there is substantial evidence to support it, will not be set aside on appeal.

If the appellees' evidence is true, as the jury must have found, no contract was ever entered into. This court does not pass on the credibility of the witnesses nor the weight to be given to their testimony.

Since there was substantial evidence to support the verdict, the judgment will be affirmed.