GENERAL MOTORS ACCEPTANCE CORPORATION *v.* SANDERS.

Opinion delivered December 14, 1931.

*Barber & Henry* and *Troy W. Lewis,* for appellant.

*R. W. Robins,* for appellee.

SMITH, J. Appellee owned a second-hand automobile, which he traded to a dealer named Harton, at Conway, as part payment for a new sedan. According to the testimony of appellee, the trade was made on

958

January 2, 1930, at which time he signed a blank sales contract. He was allowed a credit of $500 for his old car, and was to pay a balance, including carrying charges, of $491, payable at the rate of $41 per month for eleven months and at the end of the year a twelfth payment of $40. The first and second payments of $41 each were made promptly by appellee to Harton, and a payment of $31 was made upon the third installment, leaving a balance of $10 due thereon.

The sales contract, which was assignable but not negotiable, was assigned by Harton to appellant, General Motors Acceptance Corporation, hereinafter referred to as the company, and that company seized the sedan and sold it in satisfaction of the balance claimed by it to be due. The title was reserved in the sales contract until the balance of purchase price was fully paid and the right to retake the car was given. The company sold the car at private sale and credited the proceeds thereof on the balance due on the purchase price.

Under the sales contract as filled in by Harton and as it read at the time of its assignment to the company, it was dated May 19, 1930, and required twelve payments to be thereafter made aggregating $491. Sanders contended that the contract had not been correctly filled in as to its dates, that is, that it should have been dated as of the date it was made, to-wit, January 2, 1930, and that had it been correctly dated it would have shown that only twelve monthly payments were to be made after the delivery of the car. On the other hand, Harton contends that the contract bore the correct date; that the dating of the contract had been postponed so that the deferred payments at $41 per month would cover only one year, and that this was done because the company would not buy a contract which provided for payments extending beyond one year. In other words, the question of fact in the case is whether there was an agreement, not expressed in the contract of sale, whereby Sanders was to make three payments in addition to the twelve provided for in the sales contract.

Sanders made default in his payments, and this fact would ordinarily have authorized the company to repossess the car, but before it was taken from him he offered to make his past due payments provided he was given credit for the three made to Harton. This the company declined to accept.

Under the contract the company had the right to retake the car and sell it publicly or privately, provided Sanders had made default in his payments. But the company did not have the right to retake and sell unless there was default. This question of fact is of controlling importance, and has been decided by the jury in Sanders' favor. Sanders testified that he signed the sales contract in blank under the assumption that the dates would be correctly filled in, and that he was promised a copy of the contract, but the copy was never given him.

As we have said, the contract was assignable, but not negotiable, and any defense which could have been made to a suit thereon by Harton could also be made against his assignee. It was said in the case of *General Motors Acceptance Corporation* v. *Salter,* 172 Ark. 691, 290 S. W. 584, which case involved a contract identical with the one here in suit and in which case the appellant here was also a party, that, "since the instruments were not negotiable, but assignable only, appellant took them subject to all defects or infirmities available to the maker as a defense against the payee therein."

According to the recitals of the contract of sale, only twelve payments were contemplated after the delivery of the car, and it is admitted that three payments had been made less $10, but Harton insists that these three payments were to be made in addition to the twelve monthly payments required by the contract. According to Sanders, there was no error in the number of deferred payments as recited in the contract, and the controversy arose out of the act of Harton in inserting a date after the contract had been signed by Sanders contrary to the facts and to the agreement of the parties. In the case of *Pictorial Review Co.* v. *Rosen,* 171 Ark. 719, 285 S. W.

385, a very similar question arose, and it was there said: "In such cases this court has recognized that, where the party who was trusted to write the contract omits some of its terms, or inserts provisions not agreed to by the parties, such conduct constitutes fraud and makes the contract void. (Citing cases.)"

If, as the jury has found, the company refused to accept the past due payments and seized the car and sold it without right so to do, then it is liable for damages for the wrongful conversion, the measure thereof being the actual market value of the car (and not the price for which the company sold it privately), less the unpaid purchase price. *Roper Wholesale Grocery Co.* v. *Favor,* 8 Ga. App. 178, 68 S. E. 883; *Smith* v. *Goff,* 39 R. I. 437, 72 Atl. 289; *Goggan* v. *Garner* (Tex.) 119 S. W. 341; *Clark* v. *Clement,* 75 Vt. 417, 56 Atl. 94.

Damages appear to have been assessed in Sanders' favor in conformity with this rule, and, as the testimony sustains the finding that the car was wrongfully seized and sold, the judgment of the court below must be affirmed, and it is so ordered.

KIRBY, J., dissents.