SINGER SEWING MACHINE COMPANY v. COLE.

4-3124

Opinion delivered October 16, 1933.

1018

Appellant *pro se.*

*Donham & Fulk,* for appellee.

MEHAFFY, J. This is an action in replevin, begun in the Little Rock Municipal Court, for the recovery of an electric sewing machine.

The appellant sold the sewing machine to appellee for $210, taking an old machine of appellee's for $30, and $10 in money, the balance of the $210 to be paid at the rate of $5 per month. Title of the machine was to remain in appellant, until the full consideration had been paid. Appellee made two payments, and refused to make additional payments, and also refused to surrender the machine.

Appellee filed answer alleging that the execution of the contract was induced by fraudulent representations of appellant's agent in making the sale. She alleged that the appellant's agent represented to her that the appellant was offering to a few selected women, the opportunity to enroll in a class of advanced sewing, designing and drafting, which was to be taught in Little Rock by a representative of appellant; that the price of the course was $150, and that no one could enter the class unless they purchased one of appellant's machines; that relying on these statements, believing them to be true, she

entered into the contract for the purchase of the sewing machine; that she thereafter went to the office of appellant in Little Rock to secure the instructions, and learned that the school was not as represented by appellant's agent, and was nothing more than an elementary class in dressmaking and sewing. She further stated that appellant breached the contract by its failure to carry out the terms; that the contract was induced by fraud, and she was entitled to have it canceled, and entitled to the return of her old machine. She prayed for a dismissal of the complaint, and for possession of her old machine.

The appellee, at the time she purchased the machine, signed an instrument promising to pay the purchase price at the rate of $5 per month. The instrument also retained title in the appellant until paid for in full. There was also added, after the signature of appellee, the following: "Also school free to daughter, Francis. Hem. Attch. free after completion of course." Also on the margin was the following: "This note specifies all the conditions of this sale, and no other will be recognized." The attorneys for the parties in municipal court, signed the following stipulation:

"Expressly reserving and saving to each of the parties hereto all right to except to and interpose objections to the competency, relevancy, legality and legal effect of the facts stated, it is agreed by and between the Singer Sewing Machine Company, by its attorney, Jno. S. Gatewood, and Mrs. Eula Mae Cole, by her attorneys, Owens & Ehrman, that the following facts would be proved if testimony were offered upon hearing of the above-styled cause: ·

"That on the 3rd day of June, 1932, the defendant, Mrs. Eula Mae Cole, was solicited by one Marvin O. Dawson, the then agent of the plaintiff, Singer Sewing Machine Company, who represented that he was the representative of the educational department of the Singer Sewing Machine Company, and that the company was offering to a few select women of Little Rock and North Little Rock the opportunity of enrolling in a class of advanced sewing, designing and drafting to be taught by an expert who would be brought from New York by

the Singer Sewing Machine Company; that the class or course of instruction had never been before taught in Little Rock; that the usual price charged for the course was $150; that upon completion of the course the defendant, Eula Mae Cole, would be so trained as would enable her to support her family in case her husband lost employment; that the large firms in New York were looking for women with the training this company was offering, and that he could place fifty women in responsible positions as designers of women's clothes; that no women, however, could enroll or take the course of instruction unless she purchased one of the Singer Sewing machines; that the purchaser of a machine would receive the course free.

"That, by being induced by and relying upon the promises and representations of the plaintiff, by its said agent, the defendant purchased a machine for the price and consideration of $210, of which $10 was paid in cash and $30 was credited upon the remainder as represented by an old machine of defendant's, and at the same time executed and delivered to the plaintiff a sales agreement contract, reciting said consideration and said credits and providing that the balance of $170 would be payable at the rate of $5 per month, and that title to said machine should remain in the plaintiff, Sewing Machine Company, until the full consideration was paid; that the contract attached to the complaint is the contract signed and executed by the defendant; that sometime after the purchase and delivery of said machine the defendant went to plaintiff's office at 924 Main Street, Little Rock, and applied for the course of instruction, but found that the school of instruction conducted there was not as represented to her by the plaintiff's said agent, and that no course of designing and drafting was being offered by plaintiff, but only a course in less advanced sewing was being offered; that upon learning this fact the defendant demanded that plaintiff give the course as represented to her would be given by plaintiff's said agent; that plaintiff had been and was then offering a course of instruction in sewing at its place of business in Little Rock, but at no time did it offer to give such instruction

as was represented by its agent; that defendant paid the installment due in July and August and then refused to make further payments; that there was no defects, flaw or misrepresentation as to the kind or quality of the machine purchased, and no objection thereto has been found that same was not as was represented, or that same was not worth the price asked for it.''

There was a judgment in favor of appellant in the municipal court, and an appeal prosecuted by appellee, and in the circuit court judgment was rendered in favor of appellee. The appellee offered testimony tending to prove the allegations of her answer. Judgment was entered for the appellee, motion for new trial filed and overruled, and the case is here on appeal.

It is first contended that the court erred in permitting appellee to introduce testimony varying from and inconsistent with the statement of facts agreed to in the stipulation above set out. Attention is called to *Webster v. Goldsby,* 130 Ark. 141, 197 S. W. 286. In that case the court quoted with approval the following statement from 1 R. C. L. 778: ''Where parties to a case agree to submit the same for decision upon an agreed statement of facts, and nothing is said in the agreement to the contrary, each party is absolutely bound and concluded by the statements of fact thus agreed to, so far as the trial in which the stipulation is made is concerned; and where the agreement is not expressly limited to use in the trial in which it is made, it is admissible in evidence as an admission in any other trial or litigation between the same parties, where the same issues are involved, but it is not absolutely binding and conclusive upon the parties in other litigation.''

The court also said in the above case that it was error to permit the jury to consider the stipulation, along with all other evidence in the case, in determining what the agreement between the parties was. The evidence offered in that case, however, tended to contradict the recitals of the stipulation, and the court held that it was improper to admit evidence contradicting the recitals of such stipulation. The stipulation in the instant case does not purport to contain all the facts, but the parties

simply agree that the facts set out in the stipulation would be proved if testimony were offered upon the hearing. We therefore think that the statement in the stipulation that the following facts would be proved is equivalent to an agreement that the following facts are true, and we think the parties are bound by the agreement. It does not, however, prevent either party from introducing other evidence which does not contradict the stipulation.

The authorities quoted from, and especially R. C. L., are discussing what is called an agreed case, and that means that all the facts are contained in the agreement. It is stated in 1 R. C. L. 777: "The agreed case should contain a clear statement of the facts agreed upon, without ambiguity or material omission. All the facts upon which the controversy depends, necessary to give ground for a conclusion of law, should be stated, otherwise the court cannot pronounce judgment, and the proceedings will be dismissed. It ought affirmatively to appear that the case is submitted to the court for an opinion of the law."

It is also stated in the same volume, page 778, that where the parties to a case agree to submit the same for decision upon an agreed statement of facts, and nothing is said in the agreement to the contrary, each party is absolutely bound and concluded by the statement of facts thus agreed to.

In this case we think the parties are bound by the statements in the stipulation, and cannot introduce evidence to contradict it, but we do not think that it purports to contain all the facts, and it does not therefore prevent either party from introducing other evidence which does not contradict the stipulation.

It appears from the record that oral evidence was taken in the municipal court. When the case came on for trial in the municipal court, the record shows that all parties announced ready, witnesses were sworn and testified, and judgment was entered in favor of the appellant. What the evidence was in the municipal court, is not shown by the record.

When evidence was offered in the circuit court, the appellant objected, first, because the parties had agreed as to the facts on which the case would be tried, and that they were bound by this stipulation, and, second, appellant objected to the introduction of oral testimony to vary or contradict the plain, unambiguous terms of the written contract. His objection was overruled, exceptions saved, and the oral testimony was admitted.

The answer alleges that fraudulent representations were made, which induced appellee to sign the note. Parol evidence is admissible to show that a written sales contract was procured by false representations relied upon by the buyer, and upon which the buyer was entitled to rely. The testimony offered in this case tending to show that false representations were made and relied on by the appellee was competent. *Shaver* v. *Clark County Bank*, 182 Ark. 198, 31 S. W. (2d) 132; *New Home Sewing Machine Co.* v. *Westmoreland*, 183 Ark. 769, 38 S. W. (2d) 314.

We think the court was correct in holding that the writing failed to express all the essential terms of the agreement. Notation on the stipulation with reference to the daughter is incomplete and ambiguous.

In a suit in replevin, the plaintiff must show both title to the property and right to possession. Any evidence on the part of the defendant that tends to show either that plaintiff has no title, or that he is not entitled to possession is competent, and, under our statute, the appellee was entitled to show by way of set-off or counterclaim any facts that showed fraud in the execution of contract, and was entitled to show that she had been damaged by a breach of the contract.

The appellee alleged fraudulent representations inducing the making of the contract, but she did not ask for damages because of the breach of the contract; she simply prayed in her answer for a dismissal of the complaint and for possession of her old machine; she did not ask for possession of the new machine. We think, therefore, that the court erred in entering judgment in her favor for the new machine, because the contract provided expressly that appellant retain title, and, if she

had failed to carry out her part of the contract, it was entitled to possession. Her defense was a breach of the contract and false representations, and she had a right under this pleading, not only to show a breach of the contract, but to show whether she was damaged thereby, and the extent of her damages, if any.

She testifies that the price for the instructions which were to be given at the school was $150. The evidence, however, does not show the extent of her damages by reason of breach of the contract.

The judgment is therefore reversed, and the cause remanded for a new trial, with permission for appellee to offer evidence showing whether she was damaged, and, if so, how much.