PICKLER *v.* ARKANSAS PACKING COMPANY.

Opinion delivered March 9, 1914.

1. EVIDENCE—ORAL TESTIMONY TO EXPLAIN WRITTEN INSTRUMENT.—Oral testimony is admissible to show that a writing, duly signed, is not to become operative until certain other conditions are to be performed.   (Page 36.)

2. EVIDENCE—STOCK SUBSCRIPTION—ORAL TESTIMONY OF A CONDITION.— A written subscription to take stock in a corporation stipulated that the agreement was not to be delivered to the company without further word from the subscriber, and it also contained a stipulation against alterations, changes or erasures in the agreement; *held,* this stipulation did not vary the rule that oral testimony is admissible to show that the agreement was to become operative only after the performance of certain other conditions. (Page 36.)

Appeal from Columbia Circuit Court; *W. E. Patterson,* Judge; reversed.

*C. W. McKay,* for appellant.

1.   It was competent to prove by parol testimony that appellant signed the application for stock and delivered it to the agent of the corporation authorized to solicit subscriptions, with the understanding and agreement that said application was not to be delivered to the company and was not to become operative as an application for stock nor to be a complete contract unless the appellant afterward decided to take stock in said corporation. 128 U. S. 590-95; 153 U. S. 228; 76 Ark. 140; 82 Ark. 219; 57 Ark. 64; 1 Thompson on Corporations (2 ed.), § 558; *Id.* 532; Q. B. 6, El. & Bl., 370.

2.   The following notation appears upon the duplicate of the contract delivered to appellant by the agent of appellee: "The original subscription to be held by Mr. Brown until advised by G. T. Pickler to be turned in to the company.   (Signed) F. A. Brown."

The court erred in excluding this notation from the jury, the same being admissible to show the real contract between the agent and Pickler.   89 Ark. 239; 45 Ark. 1; 1 Greenleaf on Ev. 283.

*A. S. Kilgore* and *A. H. Rowell,* for appellee.

It was not competent to prove a contract which was collateral to the one in evidence, and when the plain terms of the ·contract sued on prohibited "any alterations, changes or erasures," under penalty of rendering the same void.  92 Ark. 505; 2 Beach on Private Corporations, 531; 20 Ark. 443; 1 Cook on Corporations, 81; 3 L. R. A. 797; 63 Am. Dec. 523; 26 Am. & Eng. Enc. of L. (2 ed.) 914; 1 Thompson on Corporations (2 ed.), § 633.

2.   The memorandum of agreement placed by Brown on Pickler's copy of the contract was a collateral agreement, secret in its nature and was not admissible.  59 Ill. App. 536; 10 Ind. 187; 44 Mo. App. 172; 39 N. H. 491; 87 Pa. St. 95; 58 N. W. 440.

Where a subscription is absolute on its face, it is not permissible to show that it was only conditional  1 Thompson on Corporations (2 ed.), § 569.

McCulloch, C. J.  Appellee, Arkansas Packing Company, is a domestic corporation, domiciled in the city of Pine Bluff, and instituted this action against appellant in the circuit court of Columbia County to recover the price of stock in said corporation for which he is alleged to have subscribed.

It is alleged in the complaint that appellant signed an application to the corporation for the purchase of thirty-five shares of its capital stock, agreeing to pay therefor the sum of $30 per share, and delivered said application to the agent of the corporation, one F. A. Brown, who transmitted same to the home office, and that the application was accepted and the stock was duly issued.

Appellant, in his answer, admitted that he signed the application, but denied that the application was delivered to the corporation or was intended to be delivered. He alleges that he signed the application and handed it to Brown with the distinct understanding and agreement that "said application was to be held by Brown and not to be delivered to the corporation until Brown received orders from the said Pickler to turn said application in

to the company; that it was understood and agreed between them that said application was not to become operative and effective unless said defendant afterward decided to take the stock and ordered the agent of the corporation to turn said application over to it, and that the said defendant had never at any time ordered and directed the said Brown to turn said stock over to the corporation.''

The case was tried before a jury, and the undisputed evidence showed that appellee's soliciting agent, F. A. Brown, applied to appellant to sell him stock in the corporation; that appellant and Brown entered into an oral agreement to the effect that the application should be signed and delivered to Brown but was to be held by him until appellant gave further instructions for it to be sent in to the company, and that the application was not to become effective until such further instructions should be given. The application was written and signed by appellant and delivered to Brown pursuant to said agreement, a copy thereof being retained by appellant with an endorsement thereon signed by Brown, stating the substance of the agreement with reference to the delivery. Brown testified that a few days later appellant authorized him to forward the application to the company, which he did. The other agents of the company at the home office testified that they received the application and notified appellant by mail of its acceptance. Appellant testified, as to the oral agreement with Brown, that he handed him the written application, but denied that he had ever given him any instructions to forward the same, and denied that he had ever received any notice from the company of acceptance.

Upon this state of the case the court gave a peremptory instruction to the jury to return a verdict in appellee's favor for the amount of the price of the stock.

The court erred in giving the peremptory instruction, for the case falls within a line of decisions of this court holding that the rules of evidence are not violated by the introduction of oral testimony that a writing duly

signed was not to become operative until certain other conditions were performed. *Graham* v. *Remmel,* 76 Ark. 140; *Barton-Parker Mfg. Co.* v. *Taylor,* 78 Ark. 586; *Barr Cash & Package Carrier Co.* v. *Brooks-Ozan Mercantile Co.,* 82 Ark. 219; *Main* v. *Oliver,* 88 Ark. 383; *American Sales Book Co.* v. *Whitaker,* 100 Ark. 360.

The case of *Barr Cash & Package Carrier Co.* v. *Brooks-Ozan Mercantile Co., supra,* is very similar on the facts to the case at bar, and the principle there announced is controlling in this case. In that case, as in this, a written contract was prepared and delivered to the agent of the seller, whereby certain articles were to be sold and delivered. There was an oral agreement to the effect that the contract should be held by the agent and not forwarded until further instructions were given him to do so. This court held that oral testimony was competent and that it warranted the finding of the jury that no contract had been entered into. In disposing of the case, we said:

"The proof on behalf of appellee tended to show that the contract was not to be a completed contract until certain precedent conditions in regard to the arrangement of the store had been fulfilled; and when these were consummated, appellee was to make the order for the carriers under the contract. Then, and not until then, as this testimony on behalf of appellees tended to show, was the contract to be delivered and to take effect."

Learned counsel for appellee contend that the rule established in those cases has no application here for the reason that the contract stipulates against "alterations, changes or erasures," and it is argued that this excludes a collateral oral contract relating to the delivery.

This feature of the case does not take it out of the operation of the rule announced, for the testimony, if admissible, tended to establish the fact that no contract was entered into at all, for the reason that the delivery was not complete. The terms of the contract, including the stipulation against erasures, only became operative

when the contract itself went into force, and this evidence did not vary the terms of the contract, but merely established the fact that it was not to become operative until further instructions were given. In other words, the evidence related only to the delivery of the contract and did not vary the terms of the contract.

The case should have been submitted to the jury upon this issue as to delivery of the contract, there being a denial in the answer that the contract had ever been delivered. Reversed and remanded for a new trial.