WHITMORE *v.* SCOGGIN.

Opinion delivered January 31, 1921.

1.  JUDGMENT—RES JUDICATA.—The dismissal of a suit in equity to compel specific performance of a contract will not bar an action at law to recover damages for breach of such contract; the issues in the two actions being different.

2.  JUDGMENT—RES JUDICATA.—Dismissal of a suit in equity for the purpose of allowing plaintiff to bring an action at law was not an adjudication which would preclude the latter action.

3.  SALES—CONSTRUCTION OF CONTRACT.—Under an agreement by the plaintiff to let defendant have his car for $675 and to take $2,500 worth of life insurance at the rate price of $80.21, and in case defendant "calls for the car before I get the policy the said $675 paid to plaintiff shall be demand," *held* that plaintiff was bound to sell and defendant to buy the car for $675; and, if no insurance was issued through no fault of the plaintiff, defendant would be liable for any damages sustained by reason of the failure or refusal of defendant to take the car.

Appeal from Howard Circuit Court; *J. S. Steel;* Judge; affirmed.

*W. C. Rodgers,* for appellant.

1.　The plea of *res judicata* is conclusive against plaintiff, Scoggin.　122 Ark. 262, 265; *Ib.* 278-80; 117 *Id.* 481-2; 30 *Id.* 457; 64 *Id.* 213-15 69 *Id.* 271-80.　See, also, 76 Ark. 273; 78 *Id.* 501; 122 Ark. 278; 117 *Id.* 482; 30 *Id.* 453-7; 64 *Id.* 213; 69 *Id.* 271; 76 *Id.* 273; 78 *Id.* 501.

2.　The decision of the chancery court necessarily operated as a bar to any subsequent investigation or determination of any equitable issues raised or should have been raised, for the law favors the ending of a controversy.　Under the evidence plaintiff had no lien on the car. 76 Ark. 423-6; 79 *Id.* 185, 194.　A judgment is conclusive not only of the questions raised and actually determined but upon all matters which might have been litigated. 105 Ark. 485-93; 94 U. S. 351-2.　It was manifestly error to overrule the pleas of *res judicata.*

3.　The ruling of the court that the only thing Scoggin had to do in order to place Whitmore in a position which would compel him to buy this car was to file a mere formal application for $2,500 life insurance.　This ruling would make it easy for all sorts of fraud and imposition; and a man is not permitted to profit by his own wrong or fraud, a thing not permitted and odious in law and equity.　110 Ark. 335; *Ib.* 413; 122 *Id.* 266, 276; 123 *Id.* 463-6; 135 *Id.* 353-5.

If the contract does not bind Scroggin to take $2,500 insurance, there was no consideration for the agreement to buy the car; at least none to buy it at the price named in the contract, and there was no other.　So the minds of the parties never met on any other price than $675, and this was in connection with the agreement to take the $2,500 insurance.

4.　The court erred in its instructions, as there was no delivery of the policy.　103 Mass. 78.　A policy of life insurance is not effectual until the premium is paid.　69 Ky. 450.　It is not claimed that the premium was paid, and the tender was not kept good.　85 Ark. 30-2; 90 *Id.* 206-9.　The court gave Scoggin the fullest benefit of the

contract without even requiring him to tender $80.21 which the contract calls for. The court even refused to permit defendant to show what commission he got for insurance which he solicited and was approved, in addition to refusing to permit him to show any incidental benefit the business would be to him. This was clearly error.

*J. S. Butt,* for appellee.

The plea of *res judicata* is entirely untenable because (1) the chancery court case was not a final adjudication of the merits of the case there pending and no bar. The court had the right to dismiss the case without prejudice to plaintiff, which was done, and its action is sustained by 69 Ark. 431; (2) the dismissal of the chancery case did not bar plaintiff from further action, as it was a suit between different parties and did not adjudicate this case. Whitmore could not place it beyond our power to take the policy and then with impunity breach his contract to buy the car at the price named in the contract. Such is not the law, and we are entitled to damages for breach of the contract. 92 Ark. 111. The case was properly submitted on correct instructions, and the amount awarded as damages represented the difference between the price at which Whitmore contracted to buy the car and the *uncontradicted* testimony as to its value at the time of the breach, and the judgment should be affirmed.

WOOD, J. The appellee brought this action against the appellant to recover damages for an alleged violation of the following contract:

"This agreement made between William E. Scoggin and Wm. Whitmore, the party of the first part agrees to let the said Wm. Whitmore have his car for $675 and to take $2,500 worth of life insurance at the rate price $80.21 and in case Wm. Whitmore calls for the car before I get a policy the said $675 paid to William Scoggin in cash will be demand.    (Signed)    W. E. Scoggin.
                                    "Wm. Whitmore."

The appellee alleged that the appellant contracted to purchase from the appellee a certain car at the price named in the contract above set forth; that appellee had always been willing to perform his part of the contract by delivering the car to appellant, but that appellant refused to accept and pay for the car, although the same was duly tendered him, to the appellee's damage in the sum of $675, for which he asked judgment. The appellant, in his answer, did not deny the execution of the contract set forth in the complaint, but he did deny that it was a contract to purchase the car at the price named, or any other price, and denied all the other allegations of the complaint. He alleged that he was a soliciting agent of the Lincoln Reserve Life Insurance Company at the time the alleged contract was executed; that the agreement contemplated that the appellee was to take out and pay for a policy of insurance in the above company in the sum of $2,500, the premium for which was $80.21, of which premium appellant was to receive 60 per cent. compensation as soliciting agent; that this commission was the sole inducement on the part of the appellant in agreeing to purchase the car; that appellant had done all he could do in the furtherance of the issuance of the policy, but that the company had refused to issue the same. The appellant also set up the plea of *res judicata,* in which he alleged substantially that in the year 1919 the appellee filed a bill in equity to compel the appellant and the insurance company to deliver to the appellee a policy in the sum of $1,500, which the insurance company had previously issued, the company having refused to issue a policy for $2,500 as mentioned in the contract set forth in the complaint in the present suit. He alleged in the complaint in equity that he had no remedy at law for the enforcement of his rights against the appellant and the insurance company, and he prayed that the appellant and the insurance company be ordered to deliver the policy and that the court declare a lien on the car mentioned in the contract for the sum of

$675, and that the car be sold to satisfy whatever judgment the appellee might recover in that action. He set out also the answer that was filed by the appellant in the chancery cause, in which appellant denied that he had purchased the car as alleged, but admitted that he entered into the writing set forth in the bill and set up that the appellee had agreed to take out a policy in the insurance company in the sum of $2,500, of which the premium was $80.21; that the company refused to issue the policy for that sum, but did issue a policy in the sum of $1,500 of which the premium was $53 only; that the policy was forwarded to the appellant for delivery, but could not be delivered because the appellee had been exposed to an infectious disease; that the policy issued was canceled, the same not having been delivered in sixty days under the rules of the company; and that it was therefore physically impossible for the appellant to deliver to the appellee the policy of insurance mentioned in the contract.

The appellee, in his own behalf, testified to the contract, and over the objection of appellant introduced the same as evidence, and also over the objection of appellant stated, that at the time the contract was executed he signed an application for insurance for $2,500 named in the contract; that appellant wrote the application and carried the appellee to the doctor for examination; that the insurance company issued a policy in the sum of $1,500 on the application, which appellant showed the appellee, but appellant did not deliver the same to the appellee, although appellee was willing to take the policy and told the appellant that the car was at his service; that appellant refused to take the car, stating that he had ninety days to decide what he wanted to do about the policy. The appellant had no other understanding with the appellee about the car or the insurance except what was in the written contract. Appellant refused to take the car, and appellee drove the same under his shed at home and had not used it since. Appellee had been

ready and willing to take the policy and deliver to appellant the car at any time.

Over the objection of appellant, testimony was introduced on behalf of appellee to the effect that at the time the appellee offered appellant the car in controversy it was worth the sum of $400. The appellant testified that the appellee never took out a policy in the company which appellant represented. The appellee applied for insurance in the sum of $2,500, but that the company only issued him a policy for $1,500, which policy was not delivered to the appellee because the influenza was raging in the locality where appellee lived at that time. Appellant tried to get the company to issue a policy in the sum of $2,500, but it would not do so. The appellant offered to prove that he would have received a financial benefit from every policy which he solicited and delivered. He also offered to show that the rules of the company forbade the delivery of the policy in the present case and offered to read the rule of the company, all of which testimony the court would not permit to go to the jury, to which ruling the appellant duly excepted. Appellant further testified that he did his best to have a policy for $2,500 issued to the appellee, but that the company would not issue it because the appellee was an impaired risk. Appellant would have received a commission of 50 per cent. of the premium on this insurance. The court refused to permit the appellant to show that he would have received other financial benefits from this business, and also refused to permit appellant to testify that he would not have executed the contract but for the benefit he expected to derive from the insurance. To which rulings the appellant duly excepted.

The court overruled appellant's plea of *res judicata,* to which ruling appellant duly excepted. The court instructed the jury in substance that the contract, which is the foundation of the action, was a contract on the part of the appellee to sell, and on the part of the appellant to purchase, the car in question at the price of $675; and

that, although the contract bound appellee to take $2,500 worth of life insurance in the company represented by the appellant, nevertheless, if the failure to acquire this insurance was not through any fault of the appellee, but was brought about by the insurance company or the appellant, the appellant would be liable to the appellee for any damages that the latter sustained by reason of the failure or refusal of appellant to take the car. The appellant duly excepted to the ruling of the court in granting instructions submitting the issue on the above theory and presented prayers for instructions which told the jury that if the failure of the appellee to obtain insurance was brought about by reason of the refusal of the insurance company to issue and deliver the insurance policy mentioned in the contract and that such refusal was without the fault of the appellant, then the latter was not liable. The court refused these prayers, and appellant duly excepted. The jury returned a verdict in favor of the appellee in the sum of $250. From the judgment in appellee's favor for that sum is this appeal.

1. Appellant's plea of *res judicata* is not well taken for the reason that the issues raised by the pleadings in the chancery record were not the same as in the present record. The cause in the chancery court sought the specific performance of the alleged contract on the part of the appellant to deliver to the appellee the policy of insurance mentioned in the contract, and to compel the appellant to take and pay for the car mentioned in the contract. The insurance company was made a party to that suit. Here entirely a different cause af action is set up. Furthermore, the judgment of the chancery court in that case was but tantamount to permission to the appellee to dismiss the cause pending in the chancery court. Considering the language of the court's order as a whole, its manifest purpose was to allow the plaintiff to dismiss his cause and if he so elected to pursue his remedy in another court. It was clearly not the intention of the chancery court to adjudicate and fore-

close the assertion of any rights that appellee might have growing out of a breach of the contract. See *St. L. S. W. Ry. Co.* v. *White Sewing Machine Co.,* 69 Ark. 431.

2. The court, in its instructions, correctly construed the contract and correctly submitted the issue to the jury as to whether or not there had been a breach of the same, and also correctly instructed the jury on the measure of damage. See *Kirchman* v. *Tuffli Bros. P. I. & C. Co.,* 92 Ark. 111. We find that there was no error in the admission of testimony. There was evidence to sustain the verdict. The judgment must therefore be affirmed.