REUTER MILLING COMPANY *v.* MCKINNEY.

Opinion delivered January 11, 1926.

1.  EVIDENCE—PAROL EVIDENCE RULE.—Where an accepted order for the sale and purchase of a carload of flour is unambiguous, and is a complete contract for its sale, evidence is inadmissible to show that the flour was consigned to the consignee to be sold for the consignor's benefit.

2.  SALES—LOSS BY FIRE—JUDGMENT.—Where a carload of flour was sold to appellee and was destroyed by fire while in his possession, the seller was entitled to judgment against him for the unpaid purchase money and to judgment against insurance companies indebted to him upon policies issued by them, as shown by their answers in garnishment proceedings.

3.  TRIAL—RIGHT TO OPEN AND CLOSE ARGUMENT.—In an action for the price of flour which defendant denied purchasing, plaintiff had the burden of proving the contract, and would have lost his case in the absence of evidence, and was entitled to open and close the argument.

Appeal from Montgomery Circuit Court; *Earl Witt,* Judge; reversed.

*Isaac L. Awtrey* and *Frauenthal & Johnson,* for appellant.

*Witt & Witt,* for appellee.

HUMPHREYS, J.   This suit was brought by appellant, a Missouri corporation, against appellee, C. T. McKinney, to recover $1,236, the balance due on a car of flour alleged to have been sold appellee on the 29th day of January, 1923, at prices set forth in the complaint. A writ of garnishment was procured against the Hartford Insurance Company and the Firemen's Fund upon an allegation that said companies were indebted to said appellee upon policies issued to it by said company, covering the flour and other goods.

Appellee C. T. McKinney filed an answer denying the material allegations of the complaint and alleging that the flour in question was consigned to him for sale, for which he was to account weekly as he sold same. Appellee also prayed for damages in the sum of $50 on account of the issuance of the garnishments.

Appellant filed a reply to the answer denying that the flour was consigned to appellee for sale and accounting as a factor or agent. The garnishees filed an answer admitting that they were each indebted to appellant in the sum of $946.32 under fire insurance policies issued by each of them to it.

The cause was submitted to the jury upon the pleadings, the testimony adduced by the parties, and the instructions of the court, which resulted in a verdict and consequent judgment in favor of appellee, from which an appeal has been duly prosecuted to this court.

Appellant introduced the following written order for the flour:

"Reuter Milling Company, January 29, 1923.

"Sold to C. T. McKinney, at Womble, Arkansas. To be shipped to C. T. McKinney at Womble, Arkansas. How shipped: At once.

"130 barrels of Wonderful highest patent flour in 48 pound sacks, at $7.30 per barrel; 5 barrels of Self Rising flour in 48 pound sacks, at $7.60 per barrel; 70 barrels of Wonderful highest patent flour in 24-pound sacks, at $7.50; 5 barrels of Self-Rising flour, at $7.80. Pay weekly as sold.

"Signature of Buyer: C. T. McKinney.

"Signature of Salesman: W. C. Green."

It also introduced proof showing that $315 had been paid on the account by appellee, leaving a balance due it of $1,236.

Appellee introduced proof, over the objection and exception of appellant, to the effect that the flour was consigned to him for sale as a factor or agent of appellant, and that he fully accounted to appellant for the sale of the flour which he made prior to the destruction of same by fire, which occurred without carelessness or negligence on his part.

At the conclusion of the testimony appellant asked for three instructions, each of them being in effect a

peremptory instruction, all of which the court refused to give, over its objections and exceptions.

Appellant also requested that it be permitted to open and close the argument, which request was refused by the court, over its objection and exception.

There were no allegations or proofs offered of fraud practiced by appellant or its agent in the procurement of the written order which appellee admitted signing. The order on its face is unambiguous and is a complete contract for the sale and purchase of the car of flour in question. The written contract was not subject to contradiction or impairment by oral testimony. Under the allegations and proofs, therefore, the court should have instructed a verdict in favor of appellant for the unpaid purchase money due upon the car of flour, and should have adjudged the payment thereof out of the garnished moneys.

The court also erred in refusing to allow appellant to open and close the argument. Under the pleadings, the burden was upon appellant to prove the contract, and, if no evidence had been introduced, appellant would have lost the case. This entitled it to the opening and closing of the argument before the jury.

On account of the errors indicated the judgment is reversed, and the cause is remanded for a new trial.