# Stevens v. Chatfield.

(Decided June 21, 1929.)

JAMES A. WILLIAMS for appellant.

MARTIN & SMITH for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

On August 2, 1927, the appellee and defendant below, Hugh Chatfield, who was then engaged in business in Catlettsburg, Ky., executed to the partnership of Brenard Manufacturing Company of Iowa City, Iowa, five promissory notes of $65 each and one of $35, making a total of $360. The consideration for them was the purchase by defendant from the Brenard Manufacturing Company of three described radios and sets, and the contract therefor was made through a written proposition signed by defendant to the seller for the purchase of the articles mentioned. The proposition was on one of the blank forms furnished by the seller, and contained certain stipulations and conditions as a part of the terms of the order, and all of which was duly accepted in writing by the seller. In due time the radios were shipped and received by defendant, and he installed them in his place of business. Shortly thereafter, and before any of the notes matured, they were negotiated to plaintiff and appellant, F. L. Stevens, an attorney of Iowa City, Iowa, where the manufacturing company maintained its factory and business establishment.

After the maturity of the first four $65 notes, and on January 2, 1928, plaintiff filed this ordinary action against defendant in the Boyd circuit court to recover judgment against him for their amounts and interest, and later on, and after the other notes matured, he amended his petition so as to include them. The answer as amended admitted the execution of the notes and the simultaneously executed written contract, and alleged that plaintiff was not a holder in due course, although the transfer of the notes purported to be for a valuable consideration and before maturity. It was also averred in the amended answer that the agent of the partnership in effecting the sale of the radios to him, and for the price of which the notes were executed, agreed and represented as a part of the contract of purchase that the seller would furnish the defendant "a service salesman to make sales thereof," and that it failed and refused to do so.

He further alleged that the agent agreed at the same time that, if the radios were not sold at the time the notes became due, they would be canceled, and that the seller would take the machines back, and that it executed its bond to defendant as a guarantee thereof in the sum of $360.

On motion of plaintiff, all the allegations in the answer (which were repeated several times therein and in the amended answer in substantially the same terms), with reference to the verbal statements of the agent at the time of, or before the execution of, the written contract, were stricken, and by reply the remaining affirmative allegations of "no consideration" for the transfer, and that plaintiff was not a holder of the notes in due course, were controverted. At the trial before a jury, the court permitted defendant to give testimony in support of such stricken matter and to which plaintiff objected, which was overruled with exceptions, but the court at the time admonished the jury "that it would consider said evidence in so far as it affected or related to the terms of the written contract relating to the sale of said machines by the defendant and to re-purchase thereof by the seller, or to the refunding of money by it representing the difference in cash value or re-purchase of the said radios," to which plaintiff also objected and excepted.

Defendant testified to no fraud or deceit practiced on him in order to induce him to sign the contract, or the notes, except he and his counsel contend that the seller never intended to carry out the alleged verbal and stricken portions of the contract to furnish service salesmen to aid and assist defendant in effecting a sale of the purchased radios, but which, under our opinion in the case of Pratt v. York, 197 Ky. 846, 248 S. W. 492, was not the representation of a present fact so as to constitute a misrepresentation that the defendant could rely on in this case, and for that reason it was not such fraud as to relieve defendant from his obligations under the contract; his remedy being by way of counterclaim or independent action based upon such promissory warranty if breached by the seller. Neither did defendant allege any defects in the goods sold him, or that they were in any wise different than as represented, nor did he allege any warranty of quality and a breach thereof. On the contrary, he admits reading the contract, including the emphasized clause at the close thereof saying: "No

verbal or other agreement not appearing herein shall be binding upon you," the word "you" therein referring to the seller to whom the proposition was made and by whom it was later accepted. But in making such admission, when asked by counsel: "Now you signed that contract with that clause in it, did you not?" defendant answered: "Yes, sir, Mr. Williams, I did, and I must admit that they put it over on me the worst I was ever fooled." Throughout defendant's entire testimony, and which was all that was introduced in his behalf, no complaint was made, except that the seller did not furnish *service salesmen* to aid in assisting defendant in disposing of the radios, and which he claimed it agreed to do under the verbal agreement of its agent made at the time the contract and the notes were executed by defendant, and in a qualified stipulation in the written contract to be discussed later in this opinion.

There was no pretense by pleading nor in defendant's testimony that the alleged verbal portion of the contract made with the agent at the time was omitted from the written contract by any kind of fraud practiced upon, or mistake entertained by, any one whatever. Under numerous opinions of this court, consistently adhered to without exception, proof of a mistake or fraud by which portions of a written contract were omitted therefrom is inadmissible in a suit on the contract, or in a defense thereunder, without a prayer for a reformation of the contract so as to include them as a part of it. In order to accomplish that end, it is equally firmly settled by the opinions of this and other courts, that, in order to obtain such reformation, the party to the contract insisting thereon must *allege* and *prove* the mistake, which should be mutual, or the fraud of the other party, plus the mistake of the one seeking the reformation. Under the law as thus determined, the court properly struck from defendant's pleading all the allegations with reference to the verbal agreements of the agent of the seller. But, notwithstanding that ruling, the court permitted testimony to sustain the stricken material, and which requires no argument to demonstrate was flagrant error.

Likewise the court, upon submitting the cause to the jury, instructed it upon only the *one* issue as to whether plaintiff was an innocent purchaser of the notes and a holder in due course; thereby assuming as a fact that the illegally pleaded and stricken defense was established by defendant's proof, and which was such a clear depart-

ure from the correct practice as to at once become apparent, even if the assumption of the court had been correct and was fully supported by the record. Instruction No. 2 given by the court to the jury was clearly erroneous under that theory, since it said to the jury that, if plaintiff "knew or had reasonable cause to believe that the Brenard Manufacturing Company *would* not perform the condition of the contract mentioned in the evidence (the alleged verbal portions of it with the agent) then the law is for the defendant and the jury should so find." We have hereinbefore seen that such promises of future acts to be performed do not constitute the character of fraud that will enable the party alleging their failure of performance to avoid it on the ground of fraud. Pratt v. York, supra.

But, it is insisted that the seller in this case, and which was alleged in defendant's pleading, agreed with defendant, that, if he did not realize from the sales of the radio the face value of the notes, it would pay him the difference in cash, or take back the unsold portion thereof, if returned to it in good order, and, as we have said, it executed its bond to defendant to guarantee that portion of the agreement. But counsel overlooked the fact that in the written contract, and immediately following that agreement it is stipulated, inter alia, that to make it binding on the seller defendant agreed to do certain things, one of which was to comply with "all the terms of the agreement on his part," the chief and essential one of which was to pay each note as it became due, but which he failed and refused to do. The seller in this case did perform all of its agreements, except it refused to take back the unsold radios and to credit defendant with the contract price thereof, and which was because of the fact that defendant himself had not performed the *conditions* of the written contract upon which only did it so stipulate.

Fortifying the Pratt case, supra, the principles herein discussed and determined are in accord with, and supported by, the other cases of Brenard Manufacturing Co. v. Hager, 218 Ky. 352, 291 S. W. 355; Brenard Manufacturing Co. v. Stuart, 212 Ky. 97, 278 S. W. 586; and Brenard Manufacturing Co. v. Jones, 207 Ky. 566, 269 S. W. 722.

Counsel for defendant state in their brief that "the only issue presented at the trial and here is, whether the appellant is an innocent purchaser of these notes." and

that is the only question they argue. What we have hereinbefore said clearly points out the mistake or error of counsel, and likewise demonstrates that the court erred in not sustaining plaintiff's motion for a peremptory instruction in his favor, which was made by his counsel, but overruled by the court with exceptions, since, if the jury had found the only issue submitted to it, i. e., that defendant was not a holder of the notes in due course, he still had the right to recover thereon, in the absence of any defense that would prevail, if the action had been brought by the original payee of the notes. As we have seen, no such defense was made, nor any attempted to be proven.

Wherefore the motion for an appeal is sustained, the appeal is granted, and the judgment is reversed, with directions to grant the new trial and for proceedings consistent herewith. All other questions except the ones determined are left open.