F. L. STEVENS, APPELLANT, v. J. W. SMOTHERMAN, RESPONDENT.*

In the Springfield Court of Appeals. Opinion filed February 17, 1930.

---

*Corpus Juris-Cyc References: Evidence 22CJ, section 1621, p. 1217, n. 68; Fraud, 26CJ, section 26, p. 1096, n. 16; Sales, 35Cyc, p. 63, n. 99.

*J. L. Bess* and *J. N. Burroughs* for appellant.

*H. D. Green* for respondent.

COX, P. J.—Action upon six promissory negotiable notes. Trial by the court who found for defendant. Plaintiff appealed.

The notes in suit were given by defendant to the Bernard Manufacturing Company of Iowa City, Iowa, and were, by them, endorsed to plaintiff. The answer admitted the execution of the notes and then averred that they were procured by fraud and were without consideration. Further, that the notes were given for certain merchandise and this merchandise had been returned to the manufacturing company and received by it and the contract with the said company annulled and terminated. Further that plaintiff had

knowledge of the fraud practiced upon defendant at the time the notes were transferred to him and that he was not an innocent purchaser for value before maturity.

The evidence of fraud relied upon is found in the testimony of defendant and other witnesses to the effect that when the agent of the manufacturing company appeared at the store of defendant in Mountain View in Howell county, Missouri, he stated to defendant that he wanted to place some radios in his store to be sold to customers by himself or some man sent by the company to sell them, and they would see to the selling of the radios themselves and would pay defendant a commission on each sale made. With that understanding, the defendant signed the contract and notes attached thereto without knowing just what they were and supposed it was merely the agreement he had made as above outlined.

There is no contention that defendant was, by any artifice or trick, prevented from reading the contract and notes before he signed them and it is familiar law that under such circumstances he cannot now be heard to say that he did not know the contents of the instrument he signed.

An effort is made in this court to make it appear that the agreement on the part of the Manufacturing Company by their agent to sell the goods themselves and pay defendant a commission on each sale was a separate contract entered into between them after the other contract had been executed and was, therefore, as binding as if written into the original contract. The evidence does not support that contention. The defendant testified that the agent stated at the time of the execution of the contract that he or some other man for the company would attend to the selling of the goods and that he relied thereon and would not have signed the contract if that representation had not been made. Neither can it be said that the oral agreement about the sale of the goods pieced out and completed the written contract and became a part of the contract in that way. The original contract was in writing and was complete and unambiguous and could not be added to by parol and a provision incorporated therein that was not included in the writing.

The only fraud pleaded or proven is this statement of the agent of the company that he or some other man would attend to the sale of the goods, which consisted of a number of radios, after they should be shipped to and received by defendant. This was a mere promise to do something in the future and not a misrepresentation as to an existing or past fact. The courts in a number of states have held that a promise to do something in the future made to induce the execution of the contract and without any intention at the time of fulfilling the promise may be made the basis for relief in a court of

equity. [See 26 C. J. 1092, Note 91.] But the Supreme Court in this State has uniformly held that a promise to do something in the future, even though made without any intention at the time of fulfilling the promise, cannot be made the basis of an action for fraud. [Younger v. Hoge, 211 Mo. 444, 455, 111 S. W. 20; Bryan v. Louisville & N. R. Co., 292 Mo. 535, 238 S. W. 484; Metropolitan Paving Co. v. Brown-Crummer Inv. Co., 309 Mo. 638, 663, 274 S. W. 815.]

Upon these authorities we must hold that actionable fraud in procuring this contract was not proved.

There was some evidence tending to show that defendant returned the goods to the manufacturing company and that they were received by the company in a way that would rescind and annul the contract. If that were in fact done and plaintiff knew of it at the time he purchased the notes he cannot recover. As far as this record discloses, that is the only possible defense open to defendant.

The judgment will be reversed and the cause remanded.

*Bailey* and *Smith, JJ.,* concur.